**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TIFFANY D. JONES,                                Case No. 1:11-cv-896

        Plaintiff,                          Barrett, J.
                                                 Bowman, M.J.

    v.

SPRING VALLEY BANK, et al.,

        Defendants.


## REPORT AND RECOMMENDATION

On December 20, 2011, Plaintiff initiated this litigation by paying the requisite filing fee and filing a *pro se* complaint against four different defendants, two of whom are members of the Ohio judiciary.   Plaintiff's complaint generally relates to two foreclosure actions filed against Plaintiff in the Hamilton County Court of Common Pleas.   (*See* Complaint, Doc. 1 at ¶¶3, 11).

On January 16 and 17, 2012, respectively, both the private Defendants and the two state court judges filed separate motions to dismiss Plaintiff's complaint.  (Docs. 7, 8).  S.D. Ohio Civ. R. 7.2(a)(2) provides that a memorandum in opposition "shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion."  When Plaintiff failed to file any timely response to either of the motions to dismiss, this Court issued a "show cause" order, directing Plaintiff to show cause "on or before **March 16, 2012**, why the Defendants' motions to dismiss should not be construed as unopposed and granted for the reasons stated in those motions."  (Doc.

9).  The Court specifically warned Plaintiff that her "[f]ailure to the comply with this Order will result in a Report and Recommendation to the District Judge that the two motions be granted, and that this case be dismissed." (*Id.*).  Per the practice of this Court, the "show cause" order was mailed to Plaintiff both by regular and by certified mail.  However, Plaintiff filed no response.

The record does not reflect any return of delivery by regular mail, but the mailing of the Court's "show cause" order by certified mail was returned as undeliverable on March 21, 2012.  The certified mail receipt reflects that the mail sent to Plaintiff at the only address Plaintiff has provided to the Court since initiating this lawsuit was rejected as "unclaimed," with the United States Postal Service "unable to forward" to any other address.  (Doc. 10).  While it is obvious that the Plaintiff never received a copy of the Court's order by certified mail, it remains unclear whether Plaintiff received a copy of the Court's last Order by regular mail.

Regardless of whether Plaintiff received the Court's "show cause" order, however, her case is subject to dismissal for failure to prosecute.  It is incumbent upon any litigant, including a *pro se* litigant, to keep the Court apprised of his or her current address.  While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily-comprehended court deadlines.  *See id.*, 951 F.2d at

110.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute. *See, e.g., Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009)(dismissal of *pro se* plaintiff); *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608-609 (6th Cir. 1992)(dismissal upheld in part due to counsel's failure to advise court of change of address). As additional grounds, I conclude that Defendants' motions to dismiss should be granted for all the reasons stated in those motions.

Accordingly, **IT IS RECOMMENDED HEREIN THAT:**

1. Plaintiff's complaint be dismissed with prejudice for failure to prosecute, based upon her failure to keep the Court apprised of her current address;

2. Defendants' motions to dismiss (Docs. 7, 8) be **GRANTED** based upon Plaintiff's failure to respond and the reasons stated in those motions; and that

3. This case be dismissed from the active docket.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TIFFANY D. JONES,                          Case No. 1:11-cv-896

      Plaintiff,                          Barrett, J.
                                                        Bowman, M.J.

  v.

SPRING VALLEY BANK, et al.,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).